```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANDREW SALINGER, individually and on                        :
behalf of all others similarly situated,                    :
                                                            :
                                                            :
                                         Plaintiff,         :          19-CV-8122 (VSB)
                                                            :
               - against -                                  :
                                                            :          **OPINION & ORDER**
                                                            :
SAREPTA THERAPEUTICS, INC.,                                 :
DOUGLAS S. INGRAM, and SANDESH                              :
MAHATME,                                                    :
                                                            :
                                                            :
                                         Defendants.        :
                                                            :
------------------------------------------------------------X
```

Appearances:

Joseph Alexander Hood, II
Jeremy Alan Lieberman
Pomerantz LLP
New York, New York
*Counsel for Plaintiff*
*Counsel for Movant Bernard Portnoy*

Thomas James McKenna
Gainey McKenna & Egleston
New York, New York
*Counsel for Movant Mills Family*

Gregory Mark Nespole
Levi & Korsinsky, LLP
New York, New York
*Counsel for Movant Dorian A. Vergos*

Richard William Gonnello
Faruqi & Faruqi, LLP
New York, New York
*Counsel for Movant Michael Mountain*

William Scott Holleman
Johnson Fistel, LLP
New York, New York

*Counsel for Movant TJC Services Limited*

Andrew Brian Clubok
Latham & Watkins LLP (DC)
Washington, D.C.
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Andrew Salinger brings this securities fraud class action lawsuit against Sarepta Therapeutics, Inc. ("Sarepta"), and certain of its former senior officials. The action alleges that Sarepta and its officers and directors violated Sections 10(b) and 20(a) of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), as well as United States Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated pursuant to the Exchange Act. (Compl. ¶ 1).[1]

      Before me are motions from five class members seeking: (1) appointment of lead plaintiff; and (2) approval of lead counsel. Because movant Bernard Portnoy has the largest financial interest in the litigation, currently appears to fulfill the typicality and adequacy requirements of Federal Rule of Civil Procedure 23, and is represented by counsel with substantial experience in securities class action litigation, Bernard Portnoy's motion to be appointed lead plaintiff and for approval of his selection of lead counsel is GRANTED. The remaining movants' motions for appointment as lead plaintiff and for approval of lead counsel are DENIED.

---

[1] "Compl." refers to the Class Action Complaint, filed September 3, 2019 ("Complaint"). (Doc. 1.)

## I. Background and Procedural History[2]

### A. *Complaint and Notice*

On August 30, 2019, the Class Action Complaint was filed against Sarepta as well as its former Chief Executive Officer and President Douglas S. Ingram, and former Chief Financial Officer and Vice President Sandesh Mahatme (collectively, "Individual Defendants"), alleging that Sarepta and the Individual Defendants (collectively, "Defendants") violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder, and 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). Sarepta is a company that "focuses on the discovery and development of ribonucleic acid ("RNA")-based therapeutics, gene therapy, and other genetic medicine approaches for the treatment of rare diseases", and one of its potential drug products was golodirsen, a drug being developed "for the treatment of duchenne muscular dystrophy ("DMD")." (Compl. ¶ 2.)

Between September 6, 2017, and August 19, 2019, (the "Class Period"), Defendants made materially false and misleading statements regarding Sarepta's "business, operational, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) golodirsen posed significant safety risks to patients; (ii) consequently, the [new drug application] package for golodirsen's accelerated approval was unlikely to receive FDA approval; and (iii) as a result, Sarepta's public statements were materially false and misleading at all relevant times." (*Id.* ¶ 3.) As a result of false and/or misleading statements or omissions, those who purchased or otherwise acquired Sarepta securities during the Class Period (the "Class") sustained significant losses and damages. (*Id.* ¶ 9.)

---

[2] The facts in Section I are recited for background only, and are not intended to and should not be viewed as findings of fact.

3

On August 30, 2019, the same day the Complaint was filed, Pomerantz LLP published a notice of the Complaint on *Globe Newswire* in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i). (*See* Nespole Decl. Ex. 3; Holleman Decl. Ex. C.)[3] The notice was addressed to "all persons or entities other than Defendants who purchased or otherwise, acquired publicly traded Sarepta securities between September 6, 2017, and August 19, 2019," and detailed the claims in the Complaint. (Nespole Decl. Ex. 3; Holleman Decl. Ex. C.) The notice informed the Class members that they had until October 29, 2019, to file to seek appointment as lead plaintiff. (*See* Nespole Decl. Ex. 3; Holleman Decl. Ex. C.)

### B. *The Motions*

On October 29, 2019, five Class members filed motions seeking to be appointed lead plaintiff and for approval of lead counsel. (Docs. 13, 15, 19, 23, 27.) Specifically, Class members Lee, Judy, and Clay Mills (the "Mills Family") moved to appoint themselves as lead plaintiffs and for approval of Gainey McKenna & Egleston ("Gainey McKenna") as lead counsel. (Doc. 13.) Dorian S. Vergos ("Vergos") moved to appoint himself as lead plaintiff and for approval of Levi & Korsinsky to serve as lead counsel. (Doc. 15.) Michael Mountain ("Mountain") moved to appoint himself as lead plaintiff and for approval of Faruqi & Faruqi ("Faruqi") as lead counsel. (Doc. 19.) Bernard Portnoy ("Portnoy") moved to appoint himself as lead plaintiff and for approval of Pomerantz LLP ("Pomerantz") as lead counsel. (Doc. 23.) TJC Services Limited ("TJC") moved to appoint itself as lead plaintiff and for approval of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel. (Doc. 27.)

---

[3] "Nespole Decl." refers to the Declaration of Gregory M. Nespole in Support of Dorian A. Vergos' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. (Doc. 18.) "Holleman Decl." refers to the Declaration of W. Scott Holleman in Support of TJC Services Limited's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. (Doc. 29.)

In response to these motions for appointment of lead plaintiff and approval of lead counsel, on November 12, 2019, the Mills Family, Vergos, and TJC Services each filed a notice of withdrawal of their motion seeking an order appointing them as lead plaintiffs and appointing Gainey McKenna, Johnson Fistel, and Levi & Korsinsky, respectively, as lead counsel for the class. (Docs. 30, 32, 33.) Mountain filed a notice of non-opposition to Portnoy's motion for appointment of lead plaintiff recognizing "that he does not possess the largest individual financial interest among the various movants." (Doc. 31). On November 13, 2019, Bernard Portnoy filed a notice stating that the other four movants had either withdrawn their motions, or filed a notice of non-opposition, and that his motion was unopposed. (Doc. 34).

## II. Discussion

### A. *Appointment of Lead Plaintiff*

#### 1. Applicable Law

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action . . . that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, "[n]ot later than 20 days" after the first complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported class "of the pendency of the action, the claims asserted therein, and the purported class period" and "not later than 60 days after the date on which the notice is published, any member of the purported plaintiff class may move the court to serve as lead plaintiff . . . ." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA provides that a district court must "appoint as lead plaintiff the member or members . . . that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, courts

must adopt a presumption that the most adequate plaintiff is the person or entity who (1) "either filed the complaint or made a [timely] motion" to be appointed lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

In making the determination of which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See, e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005). The magnitude of the loss is the most significant factor. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

In making the determination of whether a movant otherwise satisfies the requirements of Rule 23, the movant must "make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re eSpeed*, 232 F.R.D. at 102. This determination "need not be as complete as would a similar determination for the purpose of class certification," *id.*, and the movant is only required to make a prima facie showing that it meets the typicality and adequacy requirements, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *cf. Kaplan*, 240 F.R.D. at 94. With respect to typicality, courts consider whether the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (citation omitted); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49–50 (S.D.N.Y. 1998). While the claims need not be identical, they must be substantially similar to the other members' claims. *See Canson v. WebMD Health Corp.*, Nos. 11 Civ. 5382(JFK), 11 Civ. 6031(JFK), 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7,

2011). In considering the adequacy of a proposed lead plaintiff, a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question. *Reitan v. China Mobile Games & Entm't Grp. Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014).

If a movant satisfies the three statutory factors—making a timely motion, demonstrating the largest financial interest, and otherwise satisfying Rule 23—then "the court shall adopt a presumption that" the movant is the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). "[O]ther members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of 'unique defenses.'" *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) (noting that adequacy is not met if the class representative is "subject to any 'unique defenses which threaten to become the focus of the litigation'" (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000))).

## 2. Application

Before me are the Mills Family, Vergos, TJC Services, Mountain, and Portnoy's motions for appointment of lead plaintiff. I find that Portnoy is the "most adequate" plaintiff under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i), and that the remaining movants have failed to rebut this presumption. Therefore, Portnoy is the appropriate lead plaintiff for this class action.

7

a. Portnoy is the Presumptive Lead Plaintiff

i. *All Movants Filed Timely Motions*

As an initial matter, all movants timely filed for appointment as lead plaintiff. The Complaint was filed on August 30, 2019. (Doc. 1.) The same day, Plaintiff published a notice on *Globe Newswire*, fulfilling the PSLRA requirements set forth in 15 U.S.C. § 77z–1(a)(3)(A)(i). (*See* Nespole Decl. Ex. 3; Holleman Decl. Ex. C.) The notice detailed the claims in the Complaint and informed the Class that they had until October 29, 2019, to move for appointment as lead plaintiff. Each movant filed its motion for appointment as lead plaintiff on October 29, 2019, (Docs. 13, 15, 19, 23, 27), and thus timely filed within the sixty-day statutory requirement.

On November 12, 2019, the Mills Family, Vergos, and TJC Services, filed notices of withdrawal of their motions, and Mountain filed a notice of non-opposition acknowledging that it does not possess the largest financial interest in the action.[4] (*See* Docs. 30, 31, 32, 33.) Thus, the only remaining movant is Portnoy.

ii. *Comparing Financial Interests*

In support of his motion, Portnoy represents that he "(1) purchased 235,303 shares of Sarepta stock; (2) expended $29,581,806 on his purchases of Sarepta stock; (3) retained 136,350 of his shares of Sarepta stock at the end of the Class Period; and (4) incurred losses of $2,975,349 on a LIFO basis and $4,377,346 on a FIFO basis in connection with his purchases of Sarepta stock." (Doc. 25 at 6.) In light of these figures, all movants agree that Portnoy sustained the greatest financial loss from the alleged misconduct, and expended more in net funds. The

---

[4] Because movant Mountain filed a notice of non-opposition to the competing motions for appointment of lead plaintiff and approval of selection of counsel, (Doc. 31), and because I find movant Portnoy to be the presumptive lead plaintiff who also otherwise satisfies Rule 23, I do not consider the merits of Mountain's initial motion, (Doc. 12), and deny the motion.

movants also agree that Portnoy purchased the greatest number of total shares and net shares.

### iii. *Otherwise Satisfying Rule 23*

Because Portnoy indisputably has the largest financial interest in the action, I next consider whether Portnoy "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), specifically, the typicality and adequacy requirements of Rule 23. Members of the class are "all persons other than Defendants who purchased or otherwise acquired Sarepta securities between September 6, 2017, and August 19, 2019, both dates inclusive." (Compl. ¶ 1.) As purchasers of Sarepta securities during the Class Period, (*see* Lieberman Decl., Ex. A), Portnoy has claims "aris[ing] from the same conduct from which the other class members' claims and injuries arise," *Initial Public Offering*, 214 F.R.D. at 121, and thus satisfies the typicality requirement.

Further, Portnoy meets Rule 23's adequacy requirement. First, nothing indicates that Portnoy's claims would conflict with those of the class. Second, Portnoy alleges significant damages due to Defendants actions, and thus has "sufficient interest in the outcome of the case." *Id*. In addition, Portnoy's proposed lead counsel, Pomerantz, is experienced and qualified, has represented plaintiffs in multiple other securities class action litigations, and has the ability to conduct the litigation effectively. Therefore, I find that Portnoy is the presumptive lead plaintiff.

### b. No Other Movant Has Rebutted the Presumption

In order to rebut the statutory presumption in favor of Portnoy, another movant must provide proof that the presumptive lead plaintiff would not be able to "fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No other movant has put forward anything to rebut the presumption in favor of Portnoy.

### B. *Appointment of Lead counsel*

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (citation omitted).

Having reviewed Portnoy's memorandum of law, I find that Pomerantz will adequately and effectively represent the interests of the class. As I have found on prior occasions, Pomerantz has substantial experience with securities class action litigation. *McKenna v. Dick's Sporting Goods, Inc.,* No. 17-CV-3680 (VSB), 2018 WL 1083971, at *6 (S.D.N.Y. Feb. 27, 2018) ("Pomerantz is well qualified to serve as lead counsel in the instant case. The attorneys at Pomerantz have had substantial experience with securities litigations as well as securities fraud class actions.").

### III. Conclusion

Because I find that Bernard Portney is the presumptive lead plaintiff and no other movants have rebutted that presumption, Bernard Portnoy's motion for appointment as lead plaintiff and for approval of lead counsel is GRANTED. The remaining motions by the Mills Family, Vergos, Mountain, and TJC Services, for appointment as lead plaintiff are DENIED. Accordingly, it is hereby:

ORDERED that Bernard Portnoy is directed to file a second amended complaint no later than sixty (60) days after the date of issuance of this Opinion & Order. Defendants are directed to answer or otherwise respond to the second amended complaint no later than sixty (60) days after Bernard Portnoy serves the second amended complaint.

The Clerk of Court is respectfully directed to terminate the pending motions at Documents 13, 15, 19, 23, and 27.

SO ORDERED.

Dated: December 17, 2019
     New York, New York

_____
Vernon S. Broderick
United States District Judge